UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK R.,

                Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. 3:25-cv-05209-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income (SSI) benefits and disability insurance benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. *See* Dkt. 5. Plaintiff challenges the ALJ's decision finding plaintiff not disabled. Dkt. 7, Complaint.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed claims for SSI and DIB in October 2016. Administrative Record (AR) 351–52, 359. His amended alleged onset date is November 9, 2015. AR 2582.

His applications were denied at the initial level and on reconsideration. AR 201–62. ALJ Paul Gaughen held a hearing in September 2018 (AR 153–89) and issued a decision in November 2018 (AR 28–51) which was reversed by the District Court (AR 1363–79). ALJ Allen Erickson ("the ALJ") held another hearing in March 2022 (AR

1

1242–1301) and issued a decision the following month (AR 1215–41) which was reversed by this Court pursuant to a stipulation by the parties (AR 2657–58).

The ALJ held another hearing on June 13, 2024. AR 2608–29. He issued an unfavorable decision on November 13, 2024. AR 2578–2607. He found plaintiff had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ladders, ropes, scaffolds, and crawl. He can have occasional exposure to vibration and temperature and humidity extremes. He can frequently but not constantly handle and finger with the right upper extremity. He can tolerate occasional exposure to concentrated levels of dust, fumes, gases, poor ventilation, and other pulmonary irritants. He can understand, remember, and apply short and simple instructions; perform routine, predictable tasks that are not in a fast paced, production type environment; make simple decisions; and have occasional exposure to routine workplace change. He cannot have interaction with the general public but can have occasional interaction with coworkers and supervisors, but not in a team oriented environment.

AR 2587. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff appealed to this Court. *See* Dkt. 7.

DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

2

The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.*

A. Plaintiff's Statements About Symptoms and Limitations

Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting his testimony (Dkt. 15 at 15–16). *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Plaintiff testified at all three hearings and wrote in function reports that he had cyclical ("up and down") mental symptoms. *See* AR 405, 412, 432, 1267. He testified his mental symptoms produced difficulties interacting with others, handling authority figures, and maintaining motivation, energy, and concentration. *See* AR 410, 1268–70, 2616, 2625. He also testified to right hand pain; he cannot write or push buttons for prolonged periods. *See* AR 1263–65, 2619.

The ALJ found plaintiff's testimony inconsistent with evidence showing plaintiff was "alert, oriented, cooperative, and exhibited normal speech, intact eye contact, normal thought content, average estimated intelligence, good memory, normal insight and judgment, logical thought processes, and good attention and concentration." AR 2589. But as this Court found, Plaintiff's conditions are cyclical, and it is erroneous to highlight normal results while ignoring abnormal ones in considering such cyclical conditions. *See* AR 1370 (citing *Garrison*, 759 F.3d at 1017 and 20 C.F.R. 404, Subpt. P, App'x 1 § 12.00D(2)). Evidence at the time of the first decision showed "heightened anxiety and intermittent panic attacks, an affect that was fatigued, tired or agitated, and restlessness or tearfulness." *Id.* (citing AR 521, 529, 538, 540, 550, 602, 615, 617, 913–17). The record since this Court's first decision contains similar results. *See* AR 2089, 2108, 2362, 2375, 2377, 2380, 3035, 3040, 3048, 3219, 3389.

The ALJ acknowledged some of these abnormal results, but he stopped there— he did not explain, for instance, why the abnormal results were not probative as to plaintiff's condition, or why the testing that showed severe symptoms of plaintiff's condition would be inconsistent with his testimony. This was error. The ALJ must "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must...explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original).

The ALJ also found plaintiff's testimony inconsistent with his conservative treatment and his activities. *See* AR 2589–90. This Court previously found error in similar reasoning. *See* AR 1366–69. Conservative treatment is a proper basis to reject testimony where the allegations are incommensurate with the degree of treatment sought. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (conservative treatment appropriate basis to reject testimony because it suggests alleged pain was "not severe enough to motivate [the claimant]" to seek further treatment); SSR 16-3p (ALJ may discount testimony where the "extent of the treatment sought by [the claimant] is not comparable with the degree of the individual's subjective complaints."). Plaintiff's treatment consisted of a decade of therapy, a variety of trialed medications, and methodone treatment. *See* AR 1268–70, 2616–17, 2623. It is difficult to characterize this as conservative – although he was not committed to a hospital for involuntarily civil mental health treatment, the numerous mental health treatment modalities that plaintiff has pursued, and the lack of any sustained symptom relief over many years, shows the

ALJ's analysis overlooks the longitudinal evidence of severe limitations due to cyclical depression, anxiety, and social challenges.

Plaintiff's activities of exercising, managing personal care, shopping, using public transit, and performing chores (AR 2589) are not inconsistent with his mental health conditions testimony about symptoms and limitations, and do not provide transferable work skills, so his activities are not a proper basis for rejecting his testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Although they involve a modicum of social interaction and some persistence, plaintiff did not testify he was wholly incapable of talking to others or that he did nothing throughout the day. Rather, he testified to cyclic conditions effecting related work abilities. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (claimants need not be totally incapacitated to be eligible for benefits); *Ferguson*, 95 F.4th at 1203 ("[The claimant] can both do nothing when he has severe headaches and engage in his daily activities when he does not."),

As for the ALJ's reasons for rejecting plaintiff's testimony about the extent of his right hand pain, those reasons are supported by substantial evidence. The ALJ found plaintiff's testimony inconsistent with evidence showing "intact sensation, normal motor functioning, full grip strength, and normal reflexes." AR 2589. This interpretation of the record serves as a proper basis for rejecting such testimony. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ could reasonably conclude, for instance, that evidence demonstrating normal grip strength was inconsistent with allegations that plaintiff could not write due to weakness in his hand.

In sum, the ALJ failed to provide adequate reasons for rejecting plaintiff's testimony about symptoms and limitations associated with his mental health conditions. Because such testimony suggests plaintiff is further limited than the ALJ found in the RFC, this error is not harmless. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (error that could result in more restrictive RFC precluding gainful employment found not harmless).

B. Medical Evidence

Plaintiff argues the ALJ erred in considering the medical opinions of several examining sources, along with the opinion of Robin Abrahamson, MSW, plaintiff's counselor. Dkt. 15 at 3–9.[1] Under the regulations applicable to this case, the ALJ was required to provide specific and legitimate reasons for rejecting the opinion of an examining source and germane reasons for rejecting the statement of an "other source" such as Ms. Abrahamson. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ grouped together the opinions of three examining sources who rendered five opinions: Dr. Tasymyn Bowes, PsyD (November 2015, AR 865–70); Dr. William Wilkinson, EdD (October 2016, AR 496–500); and Dr. Terilee Wingate, Ph.D. (August 2018, AR 1204–08, May 2020, AR 1794–98, and August 2022, AR 2903–07). Considered alongside those opinions were those of Luci Carstens, Ph.D., and Holly

---

[1] Plaintiff also summarizes other medical evidence, to show that the rejected medical opinions, and plaintiff's statements, were consistent with the other medical information in the record, but fails to make any argument about the other medical evidence. *See* Dkt. 15 at 9–14. The Court declines to assess this evidence as a separate claim, as there is not a "specifically and distinctly" argument regarding this evidence in the plaintiff's opening brief. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)).

6

Petaja, Ph.D., who gave opinions based on their own review of some examining opinions. *See* AR 506, 1971.

All five of these medical sources opined plaintiff had several moderate and marked limitations, including marked limitations in performing activities within a schedule, maintaining regular attendance, and being punctual. *See* AR 498–99, 506, 868, 1206, 1796–97, 1971, 2906. These sources also opined other marked limitations in maintaining appropriate behavior (Dr. Wilkinson, AR 499, Dr. Wingate, AR 1206, 1796–97, 2905, and Dr. Petaja, AR 1969), completing a normal workday and workweek without interruptions from psychologically-based symptoms (Dr. Carstens, AR 506, and Dr. Wingate, AR 1206, 1796–97, 2905), and communicating and performing effectively in a work setting (Dr. Wingate, AR 1206); their other opinions mainly reflected moderate limitations.

Ms. Abrahamson, plaintiff's counselor, opined on November 19, 2021, that plaintiff would be absent from work four or more days in an average month. AR 2337. She also stated that plaintiff had extreme limitations in maintaining social functioning, and extreme difficulty maintaining concentration, persistence, or pace; and plaintiff required unscheduled breaks; had a poor ability to maintain concentration and work in coordination; and was unable to complete a normal workday or workweek without psychological interruptions. AR 2334–2336. She stated that plaintiff's limitations would be permanent, and had existed for at least three years. AR 2337. She otherwise opined plaintiff had fair or good abilities in work-related areas. *See id.*

The ALJ gave some weight to the five opinions of the doctors, but found the opinions' moderate limitations persuasive and rejected the opinions' marked limitations.

AR 2591–92. He found Ms. Abrahamson's "poor" ratings unpersuasive while finding persuasive her fair and good ratings. *See* AR 2592. Plaintiff argues this was harmful error. *See* Dkt. 15 at 6–7.

The ALJ found these limitations were inconsistent with medical and non-medical evidence, and made errors with respect to medical opinions that were the same errors made as to Plaintiff's subjective testimony. *See* AR 2591–92. The ALJ's decision relied upon normal examination results showing plaintiff had normal thought processes, memory, and knowledge (*see id.*); but there are few significant limitations in areas related to those functions.

Rather, the thrust of the opinions was that plaintiff would experience limitations resulting from cyclic conditions which would impede his ability to: attend work, continue working without breaks, and complete a workday without psychological interruptions. Although the ALJ acknowledged related abnormal findings and said they supported the less-extreme limitations (*see id.*), there is scant discussion of any of the medical source findings about the most debilitating limitations. Similarly, the ALJ cited the same activities as he had identified concerning plaintiff's subjective testimony (*see id.*), but those activities do not involve a set schedule or compelled attendance, so they are not inconsistent with the opinions.

The ALJ found the examining sources' examination results "did not support the marked limitations opined," as they revealed normal thought process, memory, perception, and sometimes normal concentration. *See* AR 2591. But as discussed, the marked limitations were mostly based on plaintiff's capacity to attend work, and to be productive without unscheduled breaks and psychological interruptions. The ALJ's

decision finding that plaintiff could display normal thought processes, does not undermine the medical source opinions of marked limitations, for example, that plaintiff would be having psychological interruptions during the work day, or Ms. Abrahamson's opinion that plaintiff would be absent four or more days per month and thus would not comply with a five-day work week on a consistent basis. The examining consultants noted symptoms of depression and anxiety, abnormal mood and affect, and moderate to severe results on anxiety and depression indices. *See* AR 497, 867, 870, 1205, 1208, 2904, 2906.

Similarly, the ALJ noted Ms. Abrahamson found many normal results in examinations, while also finding abnormal ones, observing abnormal mood, affect, and speech, along with tearfulness and restlessness. *See* AR 2592. But the ALJ gave no explanation about how the former set of results did not support Ms. Abrahamson's opinion about plaintiff's cyclic conditions. *Cf. Garrison*, 759 F.3d at 1014 n.17 (opinions must be evaluated alongside accompanying treatment notes).

In sum, the ALJ failed to provide adequate reasons for rejecting the medical opinions of the examining doctors and the statement of Ms. Abrahamson.

C.  Lay Witness Statements

Plaintiff challenges the ALJ's assessment of the lay statements of his mother (AR 440–46, 471–74, 1662–67), his partner (AR 477–80), his half-brother (AR 1674–79), and roommate (AR 1668–73), all of which confirmed similar symptoms as those discussed by plaintiff. The ALJ rejected those statements because they were contrary to the same medical evidence he cited with respect to plaintiff's subjective testimony and the medical opinion evidence. *See* AR 2593. Having found those reasons inadequate

and unsupported by substantial evidence considering the record as a whole, the Court finds the ALJ likewise failed to provide germane reasons for rejecting these statements, as he is required to do, *see Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).[2]

D.  Remedy

Plaintiff contends this case should be remanded for an award of benefits. Dkt. 15 at 19. When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014–20 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted). When such outstanding issues remain, the Court "cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it

---

[2] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence he contends was improperly evaluated. Because the Court concludes the ALJ harmfully erred in considering that evidence, this argument succeeds

is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The vocational expert testified significant unplanned absences would eliminate competitive work (AR 2627–28); the medical opinion evidence, and Ms. Abrahamson's opinion, supports such limitation. AR 498, 506, 868, 1206, 1796–97, 1971, 2337.

The Court finds the record is not ambiguous and there is not a useful purpose to be served by another remand hearing. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

CONCLUSION

For those reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for award of benefits.

Dated this 23rd day of January, 2026.

Theresa L. Fricke
United States Magistrate Judge